UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIVIL ACTION NO.


SAHIB SINGH ARORA, M.D.,

Plaintiff,

v.

BRADLEY T. SMITH, in his official capacity as Director, Office of Foreign Assets Control,
U.S. Department of the Treasury; and JANET L. YELLEN, in her official capacity as Secretary
of the U.S. Department of the Treasury,

Defendants.


PLAINTIFF'S MOTION FOR STAY OF ENFORCEMENT PENDING JUDICIAL REVIEW
PURSUANT TO 5 U.S.C. § 705 AND/OR PRELIMINARY INJUNCTION


Plaintiff Sahib Singh Arora, M.D. ("Dr. Arora"), by and through undersigned counsel,
respectfully moves this Court pursuant to 5 U.S.C. § 705 of the Administrative Procedure Act
("APA") and Federal Rule of Civil Procedure 65 for an order staying enforcement of the civil
monetary penalty imposed by the Office of Foreign Assets Control ("OFAC") in its Penalty
Notice dated November 24, 2025 (ENF 891989) (the "Penalty Notice"), in the amount of
$4,677,552, pending judicial review of the Penalty Notice. In the alternative, Dr. Arora requests
a preliminary injunction enjoining Defendants from enforcing the Penalty Notice during the
pendency of this action.


A proposed order granting the requested relief is attached hereto as Exhibit A. The Declaration
of Sahib Singh Arora, M.D., executed January 23, 2026, is attached hereto as Exhibit B.


In support of this Motion, Dr. Arora states as follows:

## I. INTRODUCTION AND BACKGROUND

1. On or about November 24, 2025, OFAC issued the Penalty Notice imposing a $4,677,552 civil monetary penalty against Dr. Arora for alleged violations of the Russian Harmful Foreign Activities Sanctions Regulations ("RuHSR"), 31 C.F.R. Part 587, and the Reporting, Procedures and Penalties Regulations ("RPPR"), 31 C.F.R. Part 501.

2. Concurrently with this Motion, Dr. Arora has filed a Complaint seeking judicial review of the Penalty Notice under the APA, 5 U.S.C. §§ 701–706, and asserting constitutional violations. The Complaint alleges, inter alia, that no violations occurred because King Holdings, LLC acquired the subject property as a bona fide purchaser for value without notice, that OFAC's blocking notice was defectively recorded and ineffective under Georgia law, that no harm accrued to sanctions objectives, and that the penalty is grossly disproportionate and violates the Eighth Amendment and Fifth Amendment Due Process Clause.

3. There is no automatic stay of an OFAC civil penalty upon the filing of an APA challenge. Absent a stay or injunction, OFAC may proceed with collection efforts, including referral to the Department of the Treasury for offset or other enforcement mechanisms, causing immediate and irreparable harm to Dr. Arora. See Declaration of Sahib Singh Arora, M.D. (Exhibit B).

4. As demonstrated below and in the attached Declaration, Dr. Arora satisfies the standards for relief under 5 U.S.C. § 705 and the traditional preliminary injunction factors.

## II. LEGAL STANDARD

5. Under 5 U.S.C. § 705, a reviewing court may "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings" when "justice so requires."

6. The standards for a stay under § 705 are the same as those governing a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) the balance of equities tips in the movant's favor; and (4) the relief is in the public interest. See Nken v. Holder, 556 U.S. 418, 434 (2009); Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

## III. DR. ARORA IS ENTITLED TO A STAY OR PRELIMINARY INJUNCTION

### A. Dr. Arora Is Likely to Succeed on the Merits

7. As detailed in the accompanying Complaint (incorporated by reference), Dr. Arora has strong likelihood of success on multiple grounds:

   a. King Holdings acquired the property as a bona fide purchaser for value at a public foreclosure auction conducted by a regulated U.S. financial institution (Wilmington Trust, N.A.), without actual or constructive notice of the blocked status. OFAC's blocking notice was improperly indexed and ineffective under Georgia law. See O.C.G.A. §§ 23-1-19, 23-1-20; Deljoo v. SunTrust Mortg., Inc., 284 Ga. 438 (2008).

   b. The foreclosure extinguished any blocked interest, and OFAC's null-and-void rule (31 C.F.R. § 587.202(a)) does not override state property law in these circumstances.

   c. OFAC's "egregious" finding and penalty calculation arbitrarily disregarded mitigating factors, including lack of harm, good faith, full cooperation, and defective notice.

   d. The $4,677,552 penalty—far exceeding the property's $1,430,000 sale price—is grossly disproportionate and violates the Eighth Amendment. See United States v. Bajakajian, 524 U.S. 321 (1998); Yates v. Pinellas Hematology & Oncology, P.A., 21 F.4th 1288 (11th Cir. 2021).

   e. Enforcement without fair notice violates due process. See Exxon Mobil Corp. v. Mnuchin, 430 F. Supp. 3d 220 (N.D. Tex. 2019).

These claims present substantial legal questions with a strong probability of success.

### B. Dr. Arora Will Suffer Irreparable Harm Absent Relief

8. The penalty is due and payable shortly after the Penalty Notice. Enforcement would require payment of or security for over $4.6 million—an amount that would cause severe financial hardship to Dr. Arora. See Exhibit B ¶ 7.

9. Collection efforts (e.g., Treasury offset, liens, or credit reporting) would cause immediate, non-compensable harm to Dr. Arora's finances, credit, and ability to support his family. Monetary injury of this magnitude, combined with non-economic harms, constitutes irreparable injury. See, e.g., Texas v. EPA, 829 F.3d 405, 433 (5th Cir. 2016).

## C. The Balance of Equities Tips Decidedly in Dr. Arora's Favor

10. Dr. Arora faces catastrophic financial and reputational harm. Defendants face no comparable injury from a temporary stay—the penalty can be collected in full if ultimately upheld, and no ongoing harm to sanctions objectives occurs (the SDN received no benefit, and the property is now owned by an innocent third party).

## D. A Stay Serves the Public Interest

11. The public interest favors ensuring agency actions comply with law, due process, and constitutional limits on excessive fines. A stay prevents chilling legitimate real estate transactions and promotes fair enforcement of sanctions against actual bad actors, not innocent U.S. citizens relying on state law and professional due diligence.

## IV. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Dr. Arora respectfully requests that this Court:

A. Stay enforcement of the Penalty Notice pending judicial review pursuant to 5 U.S.C. § 705; or, alternatively,

B. Issue a preliminary injunction enjoining Defendants from enforcing the Penalty Notice during the pendency of this action;

C. Waive any bond requirement under Fed. R. Civ. P. 65(c) given the strong merits and public interest; and

D. Grant such other relief as the Court deems just and proper.

Dr. Arora requests expedited consideration and is available for a hearing at the Court's earliest convenience.

Respectfully submitted this 23rd day of January 2026.

/s/ John F. Beard III

_____
Counsel for Plaintiff, GA BAR No 049774
Beard Law Firm
5000 McGinnis Ferry Rd.
Alpharetta, GA 30005
678-825-4118
Beardlawfirmga@gmail.com

EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIVIL ACTION NO.


SAHIB SINGH ARORA, M.D.,

Plaintiff,

v.

BRADLEY T. SMITH, in his official capacity as Director, Office of Foreign Assets Control,
U.S. Department of the Treasury; and JANET L. YELLEN, in her official capacity as Secretary
of the U.S. Department of the Treasury,

Defendants.

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR STAY OF
ENFORCEMENT PENDING JUDICIAL REVIEW PURSUANT TO 5 U.S.C. § 705

Having considered Plaintiff Sahib Singh Arora, M.D.'s ("Plaintiff") Motion for Stay of
Enforcement Pending Judicial Review Pursuant to 5 U.S.C. § 705 and/or Preliminary Injunction
(the "Motion"), the accompanying Complaint, any response or opposition by Defendants, and the
entire record herein, and finding good cause therefor,

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion is GRANTED.

2. Pursuant to 5 U.S.C. § 705, enforcement of the civil monetary penalty imposed by the Office
of Foreign Assets Control in its Penalty Notice dated November 24, 2025 (ENF 891989), in the
amount of $4,677,552, is STAYED pending final resolution of this action, including any appeals.

3. In the alternative, and to the extent necessary, Defendants, their officers, agents, servants,
employees, and all persons in active concert or participation with them, are preliminarily
enjoined from enforcing or collecting the Penalty Notice during the pendency of this action.

4. No bond or security shall be required pursuant to Federal Rule of Civil Procedure 65(c), given
the strong likelihood of success on the merits, the public interest, and the absence of monetary
harm to Defendants from the stay.

5. This Order shall remain in effect until further order of this Court.

SO ORDERED this _____ day of _____, 2026.

_____ United States District Judge

Presented by:

John F. Beard III
Beard Law Firm
5000 McGinnis Ferry Rd.
Alpharetta, GA 30005
678-825-4118
Beardlawfirmga@gmail.com

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CIVIL ACTION NO.


SAHIB SINGH ARORA, M.D.,

Plaintiff,

v.

BRADLEY T. SMITH, in his official capacity as Director, Office of Foreign Assets Control, U.S. Department of the Treasury; and JANET L. YELLEN, in her official capacity as Secretary of the U.S. Department of the Treasury,

Defendants.

DECLARATION OF SAHIB SINGH ARORA, M.D. IN SUPPORT OF PLAINTIFF'S MOTION FOR STAY OF ENFORCEMENT PENDING JUDICIAL REVIEW PURSUANT TO 5 U.S.C. § 705 AND/OR PRELIMINARY INJUNCTION

I, Sahib Singh Arora, M.D., declare as follows:

1. I am the Plaintiff in the above-captioned action. I am over the age of 18 and competent to make this declaration. The facts stated herein are based on my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2. I am a physician and hold an ownership interest in and manage King Holdings, LLC ("King Holdings"), a Georgia-based real estate investment company. I reside in Duluth, Georgia.

3. On January 3, 2023, King Holdings purchased the real property located at 2195 Blackheath Trace, Alpharetta, Georgia (the "Blackheath Property") at a public foreclosure auction conducted by Wilmington Trust, N.A., a regulated U.S. financial institution. I believed, in good faith, that this purchase transferred clear and marketable title to King Holdings. After the purchase, two independent title insurance companies conducted standard due diligence, including OFAC compliance checks, and cleared the title with no indications of any blocked status or sanctions issues.

4. I had no actual knowledge that the Blackheath Property was previously owned by Karina Yurevna Rotenberg (an individual later identified to me as a Specially Designated National) or that it was purportedly blocked property until OFAC contacted me on or about April 3, 2023—months after the purchase.

5. After OFAC's contact, I reasonably believed that the foreclosure by a U.S. lender had extinguished any prior interest and that King Holdings held valid title. When I inquired about next steps, an OFAC representative indicated that no further action was required at that time. King Holdings and I fully cooperated with all OFAC requests, including responding to an administrative subpoena.

6. On or about November 24, 2025, OFAC issued a Penalty Notice imposing a civil monetary penalty of $4,677,552 against me personally.

7. This penalty amount vastly exceeds the value of the Blackheath Property (sold for $1,430,000 in March 2024) and any economic activity related to it. Enforcement of this penalty would cause me immediate and irreparable harm, including severe financial hardship that could jeopardize my finances, credit, and ability to support my family. I do not have liquid assets sufficient to pay or secure this amount without extraordinary distress.

8. No sanctioned individual received any economic benefit from King Holdings' transactions with the Blackheath Property. The foreclosure proceeds went to the U.S. lender, and the ultimate sale was to an innocent third-party buyer.

9. I believe that the Penalty Notice is unlawful for the reasons stated in the Complaint and Motion filed in this action, including that no violations occurred due to my status as a bona fide purchaser without notice and that the penalty is grossly disproportionate.

I declare that the foregoing is true and correct to the best of my knowledge.

Executed on this 23rd day of January, 2026, in Duluth, Georgia.

 _/s/ Sahib Singh Arora_____ Sahib Singh Arora, M.D.